UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| STACY YURON HART, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:16-cv-00449-JMS-MJD |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, WABASH VALLEY | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Granting Motion to Dismiss
and Directing Entry of Final Judgment**

Petitioner Stacy Yuron Hart brought this habeas corpus action challenging discipline imposed on him by the Vanderburgh County jail which in turn caused a loss of good time credits against his state prison sentence. Dkt. [2]. While this action was pending prison authorities reconsidered Hart's administrative appeal and decided to restore all good time credits that had been taken away as a result of the jail disciplinary action. Dkt. [11]-1. With good time credits restored, respondent moved to dismiss this action contending it is moot because there is no case or controversy. Dkt. [11]. Hart responded in opposition to dismissal and contends that his release date is being erroneously calculated and, therefore, this case is not moot. Dkt. [13]. Respondent in reply urged the case is indeed moot, and asserted that Hart is simply in error about how his release date is calculated. Dkt. [14].

Hart does not dispute that the jail sanction has been vacated. Instead, he takes issue with the manner in which his release date is calculated. The calculation of the release date is not the issue that was presented in the habeas corpus petition. Instead, the issue in the petition concerned the authority of the Vanderburgh County jail to impose a sanction when it had not allowed Hart

time to appeal it before his transfer to the prison system, which was too late to follow the jail's administrative appeal process. Whether the Department of Correction has correctly calculated Hart's release date is a different question than whether the jail's sanction should have been imposed without an opportunity to appeal. The former question is not before the Court while the latter question has become moot due to it being vacated by the Department of Correction.

A habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). "Federal courts lack subject matter jurisdiction when a case becomes moot." *Pakovich v. Verizon LTD Plan,* 653 F.3d 488, 492 (7th Cir. 2011). A case must be dismissed "if an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Id.* (quoting *Cornucopia Inst. v. U.S. Dep't of Agric.,* 560 F.3d 673, 676 (7th Cir. 2009)). The event in this action is the restoration of the good time credits taken from Hart for conduct while he was at the Vanderburgh County Jail. That was the only action challenged in this action, and no meaningful relief can now be awarded to Hart under the claims presented in his petition. The issue presented in Hart's response to the motion to dismiss is not properly before the Court.

Respondent's motion to dismiss the action as moot, dkt. [11], is **granted**. A dismissal for mootness is a dismissal for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996).

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 10/11/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

STACY YURON HART
# 955982
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov